# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1442V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran |
| MICHAEL G. MCCARTY,   * | |
| * | Filed: July 18, 2025 |
| Petitioner   * | |
| * | |
| v.   * | |
| * | |
| SECRETARY OF HEALTH AND   * | |
| HUMAN SERVICES,   * | |
| * | |
| Respondent   * | |
| * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

### ENTITLEMENT DECISION[1]

On September 19, 2019, Michael McCarty filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that an influenza vaccine he received on October 3, 2018, caused "adverse effects," including "symptoms of pain and abscesses." *See generally* Petition, dated Sep. 19, 2019 (ECF No. 1). The vaccine he received was administered by a Kentucky mobile vaccination entity that was later determined to have exercised inadequate safety control over its vaccines, resulting in numerous vaccinated individuals experiencing comparable abscess injuries.

Respondent opposes Petitioner's claim, arguing that the Act's "severity" requirement cannot be met. After a careful review of the entirety of the parties' submissions, I find there is a lack of preponderant evidence that the alleged injury persisted for at least six months post-vaccination. *See* 42 U.S.C. § 300aa-11(c)(1)(D). Accordingly, entitlement cannot be found in Petitioner's favor, and the case is appropriately dismissed.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Ruling will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

I.      **Relevant Procedural History**

This matter was initiated at the same time as a number of related petitions brought by similarly-situated claimants.[3] Respondent raised an overarching objection to these claims—that they did not fall within the ambit of the Program due to third-party negligence that resulted in the subsequent abscess injuries. The parties consented to resolution of entitlement in one "test case," the results of which could then be applied to the related cases. On April 25, 2024, I ruled in favor of the petitioner in the test case, finding that the administration of the influenza vaccine had caused him to experience a right shoulder skin abscess associated with a bacterial infection. *See Silvers v. Sec'y of Health & Hum. Servs.*, No. 20-1V, 2024 WL 2799285 (Fed. Cl. Spec. Mstr. Apr. 25, 2024).

On September 17, 2024, I held a telephonic status conference (under the auspices of the test case matter) to discuss the remaining cases. I proposed at that time that Respondent evaluate the related matters and determine if entitlement could be conceded in light of my ruling, or if facts specific to the remaining cases required different treatment. I later ordered the parties in the fall of 2024 to resolve damages, or to propose a briefing schedule for their dispute. After some delay, Petitioner filed a motion for ruling on the record in this matter. *See* Motion, dated June 13, 2025 (ECF No. 30) ("Mot."). Respondent opposed it (combining his brief with a Rule 4(c) Report) on July 11, 2025, arguing therein that the Act's six-month severity requirement could not be met. Rule 4(c) Report, dated July 11, 2025 (ECF No. 31) ("Opp."). The matter is now ripe for decision.

II.     **Factual Background**

Petitioner was 38 years old at the time of vaccination, and received the vaccine in issue on October 3, 2018, from the same mobile vaccination entity discussed in *Silvers*. Ex. 10 at 1–2. Petitioner has alleged that "sometime following the administration" of the vaccine he began to experience shoulder pain. Affidavit, dated October 30, 2019, previously filed as ECF No. 10-4.[4]

On January 24, 2019 (approximately three months after vaccination), Petitioner saw Dr. William Sutherland, reporting concerns that he had an arm abscess that was tender, causing some drainage, and that resulted in mild pain. Ex. 3 at 1. Exam revealed fluid under the skin of the

---

[3] *See generally Silvers v. Secretary of Health & Hum. Services*, No. 20-1V, 2024 WL 2799285 (Fed. Cl. Spec. Mstr. Apr. 25, 2024); *Mynhier v. Sec'y of Health & Hum. Servs.*, No. 19-1441 (Fed. Cl. filed Sep. 19, 2019); *Helton v. Sec'y of Health & Hum. Servs.*, No. 19-1440 (Fed. Cl. filed Sep. 19, 2019); *Thomas v. Sec'y of Health & Hum. Servs.*, No. 19-1443 (Fed. Cl. filed Sep. 19, 2019); *Lykins v. Sec'y of Health & Hum. Servs.*, No. 19-1444V (Fed. Cl. filed Sep. 19, 2019). *Silvers* involved different counsel (who represented a different group of petitioners), but raised the same causation theory, and counsel in this matter agreed to be bound by the *Silvers* determination.

[4] This affidavit, along with several other documents initially offered in the case, was stricken from the record in October 2020 (ECF No. 19) due to filing irregularities, and does not appear to have been refiled later.

affected area (which appeared somewhat inflamed), and Dr. Sutherland assessed Petitioner with an abscess. *Id.* at 2. He performed an incision, drained the impacted area, and sent out fluid samples from the procedure for testing (which were later found positive for a bacterium). *Id.* at 12.

On February 15, 2019, Mr. McCarty saw an infectious disease specialist (David Dougherty, M.D.), regarding his "mycobacterium fortuitum right arm abscess following a vaccine administration." Ex. 2 at 24. He identified December 12, 2018, as when "he noticed the development of a knot at the vaccine site following a sharp pain in his right arm." *Id*. Dr. Dougherty deemed the abscess to be "part of the possible mass contaminated vaccine administration." *Id*. On exam, he observed an "open wound overlying [the right] deltoid less than 1 cm in diameter and about 1 cm deep into fat layer with some surrounding ongoing induration and tenderness to palpation." *Id*. at 26.

Based on exam evidence that some active infection was occurring, Dr. Dougherty prescribed antibiotics. Ex. 2 at 27. Later on that February, Petitioner returned to Dr. Dougherty, and it was noted that since starting on the antibiotics the "wound ha[d] completely healed up," although some tenderness and swelling remained. *Id.* at 13. Petitioner was advised to continue taking antibiotics "for at least one month." *Id*. at 16.

In mid-March 2019 (now about three months since Petitioner's reported mid-December 2018 onset), Mr. McCarty went back to Dr. Dougherty. Ex. 2 at 1. He now denied any arm tenderness, and Dr. Dougherty opined that Petitioner's "[p]rior wound remains completely healed," with lab work also suggesting no lingering issues. *Id*. at 1, 5. He instructed Petitioner to remain on his antibiotic regimen for another two weeks, but to possibly cease it thereafter, given his improvement. *Id.* at 5.

No further records regarding Petitioner's treatment in the time period afterward have been filed.

### III.   Parties' Arguments

Petitioner claims that he experienced residual effects and/or complications for more than six months after the administration of the vaccine. Mot. at 2. In particular, he emphasizes that although in March 2019 Petitioner was informed that he would not likely need to treat the abscess more than a month beyond, he was also told by Dr. Dougherty that an abscess due to a bacterial infection of this kind might take a total of three to six months to resolve. *Id.* (*citing* Ex. 3 at 16). Petitioner also acknowledged he first observed the lump on his arm that proved to be an abscess in December 2018. *Id*. at 1. He offered no additional evidence to establish treatment or injury persistence beyond March 2019, however.

3

Respondent maintains that Petitioner has not satisfied the statutory "severity" requirement for his vaccine injury, by demonstrating that sequelae from his abscess persisted at least through April 2019 (assuming an immediate onset at the time of vaccination). Opp. at 6. The record in this case demonstrates an onset of December 12, 2018—meaning severity must be shown through June 12, 2019. *Id.* at 5. However, Petitioner's last documented treatment visit for the abscess occurred on March 13, 2019. *Id.* at 6. And even if Petitioner had continued to receive antibiotics for the abscess beyond this date, Dr. Dougherty did not anticipate that such treatment would go beyond the end of March (two weeks beyond March 13th). *Id.* at 6 n.4 (*citing* Ex. 2 at 5). Thus, Petitioner's course of treatment lasted approximately three and a half months from approximately December 12, 2018, to the end of March 2019—well inside the six-month timeframe defined by the Act. And Petitioner has otherwise not corroborated contentions that the abscess resulted in a permanent scar. *Id.* at 6.

### IV.     Statutory Severity Requirement

Petitioners carry the burden of establishing the matters required in the petition by a preponderance of the evidence. §13(a)(1)(A). One such requirement is "documentation demonstrating severity—generally, that the petitioner "suffered the residual effects or complications of such [vaccine-related] illness, disability, injury, or condition for more than 6 months after the administration of the vaccine." § 11(c)(1)(D)(i)9; *see also Black v. Sec'y of Health & Hum. Servs.*, 33 Fed. Cl. 546, 550 (1995) (reasoning that the "potential petitioner" must not only make a prima facie case, but clear a jurisdictional threshold, by "submitting supporting documentation which reasonably demonstrates that a special master has jurisdiction to hear the merits of the case"), *aff'd*, 93 F.3d 781 (Fed. Cir. 1996) (internal citations omitted).

Congress has stated that the severity requirement was designed "to limit the availability of the compensation system to those individuals who are seriously injured from taking a vaccine." H.R. REP. 100-391(I), at 699 (1987), reprinted in 1987 U.S.C.C.A.N. 2313–1, 2313–373, cited in *Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1335 (Fed. Cir. 2011), *cert. denied*, 132 S.Ct. 1908 (2012); *Wright v. Sec'y of Health & Hum. Servs.*, 22 F.4th 999, 1002 (Fed. Cir. 2022).

The Act prohibits finding a petition requirement "based on the claims of a petitioner alone, unsubstantiated by medical records or by medical opinion." §13(a)(1). Medical records must be considered, *see* §13(b)(1), and are generally afforded substantial weight. *Cucuras v. Sec'y of Health & Hum. Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993); *Murphy v. Sec'y of Health & Hum. Servs.*, No. 90-882V, 1991 WL 74931, *4 (Fed. Cl. Spec. Mstr. April 25, 1991), quoted with approval in decision denying review, 23 Cl. Ct. 726, 733 (1991), *aff'd per curiam*, 968 F.2d 1226 (Fed.Cir.1992)). However, the Federal Circuit has recently "reject[ed] as incorrect the presumption that medical records are accurate and complete as to all the patient's physical conditions." *Kirby v. Sec'y of Health & Hum. Servs.*, 997 F.3d 1378, 1383 (Fed. Cir. 2021).

4

Factual matters required to prove elements of a Vaccine Act claim may be established by a mix of witness statements and record proof, with the special master required to fully consider and compare the medical records, testimony, and all other "relevant and reliable evidence contained in the record." *La Londe v. Sec'y of Health & Hum. Servs.*, 110 Fed. Cl. 184 (2013) (*citing* §12(d)(3); Vaccine Rule 8), *aff'd*, 746 F.3d 1335 (Fed. Cir. 2014).

## ANALYSIS

The medical records do not support a finding that Petitioner's injury persisted for more than six months post-vaccination. The Petitioner's acknowledged onset occurred in mid-December 2018. But his treatment largely concluded in mid-March 2019—successfully. And even if he continued on a prescribed antibiotics course for a bit longer, the treater responsible for that course did not anticipate the need for it to extend beyond the end of March. Accordingly, Petitioner's injury had largely resolved well within the six-month severity timeframe.

Petitioner alleges he has a scar from the abscess that persists. A scar left by a vaccine injury could establish an injury sequela sufficient to cross the severity "line." *See, e.g.*, *Skinner-Smith v. Sec'y of Health & Hum. Servs.,* No. 14-1212V, 2023 WL 3043904, at *4 (Fed. Cl. Spec. Mstr. Apr. 21, 2023) (existence of residual scar tissue "knot" due to resolved cellulitis deemed basis for at least a *de minimis* damages award); *Yost v. Sec'y of Health & Hum. Servs.,* No. 18-288V, 2022 WL 4593029, at *11–12 (Fed. Cl. Spec. Mstr. Aug. 29, 2022) (awarding damages for small permanent scar due to SIRVA). But Petitioner has not offered proof of the scar, in the form of a photograph or something comparable—despite ample time to do so. This action was initiated nearly *six years ago,* and although the resolution of the parallel *Silvers* case took some time to occur, the claim has been active since the start of this calendar year.

## CONCLUSION

Because Petitioner has failed to meet the severity requirement, he cannot establish entitlement, and the claim is dismissed. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.